**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRUMAN STALIN ALVAREZ, #257455 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. WDQ-06-1653 |
| | * | |
| JAMES SMITH, Warden, et al. | * | |
| Respondents | * | |

oOo
**MEMORANDUM**

Before the Court is a pro se 28 U.S.C. §2254 motion for habeas corpus relief and exhibits filed by Bruman Stalin Alvarez, a state prisoner incarcerated at the Jessup Correctional Institution, challenging his convictions in 1996 in the Circuit Court for Montgomery County for five counts of first degree murder and one count of first degree rape.[1] Counsel for Respondents James Smith, Warden of the Jessup Correction Institution and J. Joseph Curran, the Attorney General of Maryland, has filed a Response, as supplemented with exhibits seeking dismissal of the Petition as time-barred.[2] Alvarez has filed a Reply in opposition.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States

---

[1] Alvarez pleaded guilty to the murder of Mark Aldridge, David Goff, and daughters Andrea, Sherry, and Alyse Goff. He also pleaded guilty to the first-degree rape of Alyse Goff. He was sentenced to six terms of life imprisonment without parole to run consecutively. Petition, Memorandum at 9.

[2] On September 13, 2006, the Court directed Respondents to file a supplement addressing whether Petitioner's mental history warranted equitable tolling. Paper No. 13.

District Courts.³ The Court finds the Petition is time-barred under 28 U.S.C. §2244(d)(1). Accordingly, the Petition will be dismissed by separate Order.

**I. Procedural Background**

On July 26, 1996, the Circuit Court for Montgomery County sentenced Alvarez to six consecutive terms of life imprisonment without parole after he pleaded guilty to five counts of first degree murder and one count of first degree rape. Resp. Ex. 1. Notwithstanding his right to do so, Alvarez did not seek leave to appeal his guilty plea within the thirty days allowed by law. *See* Code Ann., Cts. & Jud. Proc. Art. §12-302 (e); MD Rule 8-204(a).

On March 22, 2000, Alvarez commenced state post-conviction proceedings in the Circuit Court of Montgomery County. On October 30, 2000, the post-conviction court granted Alvarez's motion to withdraw his petition. On December 4, 2002, he filed a new petition. On December 1, 2003, the Court granted Alvarez's motion to withdraw the second post-conviction petition.

On August 30, 2004, Alvarez again filed for post-conviction relief. The Circuit Court for Montgomery County conducted a hearing on the Petition on February 3, 2005. On June 14, 2005, the Court denied the Petition by Memorandum and Order. Resp. Ex. 1. On February 8, 2006, the Court of Special Appeals of Maryland denied Alvarez's application for leave to appeal, and the mandate issued on March 14, 2006. Alvarez filed the instant petition for federal habeas corpus relief

---

³ Alavarez has also moved for appointment of counsel. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Petitioner has adequately represented himself and cogently presented his reasons for equitable tolling. An evidentiary hearing is unnecessary. For these reasons, the Motion will be denied.

on June 25, 2006.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

## II.  Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in a state court.  *See* 28 U.S.C. § 2244(d).[4]  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2);  *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000).

---

[4]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**III. Analysis**

Under these facts, the challenged convictions became final on August 26, 1996, when the thirty-day period for filing for leave to appeal the plea expired. *See Wade v. Robinson*, 327 F. 3d 328 (4th Cir. 2003) (discussing when a state judgment becomes final). This means the one-year limitations period started to run on August 26, 1996, and expired one year later on August 26, 1997. There were no state post conviction proceedings pending during that time period to toll the running of the one-year limitations period. Consequently, the limitations period expired on August 26, 1997, and the instant 28 U.S.C. §2254 Petition was filed eight years after the limitations period had elapsed.

**IV. Equitable Tolling**

In order to be entitled to equitable tolling, a petitioner must establish that extraordinary conduct beyond his control or external to his own conduct caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Alvarez contends that equitable tolling is warranted for the following reasons: 1) his inability to communicate and understand English impaired him from making a knowing and intelligent decision to enter his guilty plea. Reply at 2; 2) the state's interpreter provided deficient translation and spoke so softly that it was impossible to understand what the interpreter was saying. *Id*.; 2) he

4

was "abandoned by his trial counsel, because he was unable to speak English. *Id.* at 3; 3) he was in solitary confinement for over one month after he entered his guilty plea and was unable to appeal within the requisite time. *Id*. at 4; and 4) he suffered mental health problems in1995 through 1999. *Id.* at 7, Pet. Ex. C.

Alvarez's lack of familiarity with English does not amount to a rare or exceptional circumstance. Inability to speak or read English is common to many incarcerated persons, and does not warrant equitable tolling. *See e.g. Zinsou v. Dretke*, 2004 WL 2381243, * 1, 4:04cv566-A (N.D.Tex. Oct. 22, 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)), (the inability to read and speak English is not in itself a sufficient basis for equitable tolling)); *Ortega- Espinoza v. Blackletter,* 2006 W.L. 1277564 (D. Or. 2006) (refusing equitable tolling where illiterate Spanish-speaking petitioner was denied assistance with filing his petition); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec.13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling); *United States v. Teshima-Jiminez*, No. CRIM. 97-087, 1999 WL 600326 at *2 (E.D.La. Aug.5, 1999) ("lack of legal research material and assistance" and "little English spoken" in petitioner's prison not "rare and exceptional circumstances" to justify equitable tolling).

Alvarez also argues that he did not understand his right to file for leave to appeal the plea in state court because the translator spoke too softly. Even if this were true, Alvarez does not explain how this alleged ineffectiveness caused him to file his federal petition almost eight years outside the one-year limitations period, *Id.* at 4. Petitioner's failure to seek leave to appeal his plea in state court did not impede him from timely filing for habeas relief in federal court. This claim provides no basis to find wrongful conduct by Respondents or the existence of extraordinary

circumstances to justify equitable tolling.

Alvarez's claim that he was "abandoned" by his counsel is similarly without merit. Alvarez appears to fault counsel for a letter indicating that "if you intend to file in federal court, you must exhaust state remedies by filing a state post conviction and you will have to file it for yourself." Reply at 4. There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely,* 481 U.S. 551, 555 (1987). The actions about which Alvarez complains were intended to notify him of the need to exhaust state court remedies, and alert him to the one-year limitations period. Counsel did not abandon his client by providing this information. As such, Alvarez's claim is without merit in fact and law.

Alvarez next proffers his one-month placement in solitary confinement after sentencing as justification for equitable tolling. Assignment of a prisoner to solitary confinement for a month, without more, is not an extraordinary circumstance that warrants equitable tolling. Even were the Court to assume that the one-month assignment to solitary constituted an extraordinary circumstance, the period of limitations had yet to begin or had just started to run. The limitations period ran for eleven months after his release from solitary confinement and Alvarez provides no reason why he did not file for federal habeas relief during that time.

Lastly, Alvarez asserts that his mental condition calls for equitable tolling. Equitable tolling is appropriate only in exceptional circumstances of profound mental incapacity. *See United States v. Sosa*, 364 F. 3d 507, 513. (4th Cir. 2004). A mental condition that burdens but does not prevent a petitioner from filing a timely habeas petition does not amount an extraordinary circumstance warranting equitable tolling. *See United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa 2003). While mental illness may form the basis of an equitable tolling argument, "without a particularized

6

description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights," the claim is insufficient to justify equitable tolling. *Boos v Runyan*, 201 F. 3d 178, 185 (2d. Cir. 2000).

In support of this claim, Petitioner has filed a copy of a Discharge Summary dated October 26, 1999, prepared by the Correctional Mental Health Center (Center) in Jessup which reports that he had occasions of violence, delusions, threats of suicide and homicide or setting fire to his cell. Petition. Exhibit. C. According to the Discharge Summary, the Center admitted on Alvarez because he informed "psychology staff that he was having homicidal ideation directed at another inmate." *Id.* His Axis I and Axis II discharge diagnoses were Psychotic Disorder NOS and Antisocial Personality Disorder, respectively. Upon discharge, his mental status was summarized as follows:

> Upon discharge, patient was calm and cooperative upon approach. Mood was euthymic with appropriate affect. The patient was alert and oriented in all major spheres. He denied any suicidal or homicidal ideation. During the interview the patient would often laugh inappropriately. However, he did not endorse any auditory or visual hallucinations. Speech and thought content were within normal limits. Sleep and appetite were reportedly good. Personal and cell hygiene appeared satisfactory.

*Id*.

During the time he was treated in the Center, between March 17, 1997 and October 26, 1999, Alvarez filed a Motion for New Trial on June 25, 1998, and a Motion for Appropriate Relief on April 22, 1999. Respondents' Supplemental Response, Exhibit 1. Accordingly, "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232, F. Supp. 2d 761, 768 (E.D. MI 2002). Not only did Alvarez pursue his legal claims during treatment at the Center, but there is no diagnosis in the discharge summary to suggest that during that time Alvarez's mental condition prevented him

from pursuing his legal claims.  Alvarez fails to demonstrate a causal connection between his mental condition and his inability to file a timely federal  petition.[5]  *See United States v. Harris*, 268 F. Supp. 2d at 506-7.  Further,  even if the thirty-one month period ( March 17, 1997-October 26, 1999) during which Alvarez was treated at the Center were to toll the period of limitations, the Petition is would still be untimely by approximately fifty-four months. Respondents' Supplemental Response at 5.

**IV.  Conclusion**

For these reasons, the Court finds the 28 U.S.C. § 2254 motion for habeas corpus relief time-barred.  The Court will dismiss the Petition and deny the Motion for Appointment of Counsel by separate Order.[6]

November 3, 2006                                          /s/
Date                                                              William D. Quarles, Jr.
                                                                       United States District Judge

---

[5]   Alvarez also contends that "he was known from suffering mental health problems during the pendency of trial in 1995-96 through 1999 after sentencing and post- appeals stage." Reply at 6.  Other than the Discharge Summary discussed above, he does not describe the nature of these "mental health problems" nor state how it was "known" he had mental health problems.

[6]   Among the exhibits filed by Petitioner is an audiotape. The Court will grant Petitioner thirty days to state whether he wants the audiotape returned, and to provide the name and address of the person(s) he wants to designate to receive the audiotape on his behalf.